```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**United States of America**

   **v.**                                           Case No. 12-cr-84-01-PB
                                                            Opinion No. 2013 DNH 018 C

**Brian Pearson**

## O R D E R

Brian Pearson has been indicted on six counts of wire fraud and six counts of identity theft.  Pearson has filed a motion to dismiss the indictment alleging that the wire fraud counts (Counts 1-6) are defective because: (1) they do not sufficiently allege the mens rea element of wire fraud; (2) they do not sufficiently allege that Pearson made the wire transmissions at issue with the purpose of executing the wire fraud scheme; and (3) the date range specified for the wire fraud scheme is overly broad.  He challenges the identity theft counts (Counts 7-12) on the ground that they do not sufficiently plead the elements of wire fraud, which is the enumerated offense for each of the identity theft counts.  I address each argument in turn.

**A.**   **Wire Fraud (Counts 1-6)**

I am persuaded by the court's reasoning in United States v. Henderson, 416 F.3d 686, 692-93 (8th Cir. 2005), that the indictment pleads mens rea with minimal sufficiency.  In this

case, as in <u>Henderson</u>, the indictment charges that the defendant "devised and intended to devise a scheme and artifice to defraud." <u>See</u> <u>id.</u>  As the court in <u>Henderson</u> explains, this is sufficient to appraise the defendant of the mens rea element of wire fraud.  <u>See</u> <u>id.</u>

B.   **<u>For the Purpose of Executing</u>**

I agree with the government that the indictment sufficiently charges that each of the wire fraud transmissions at issue was made for the purpose of executing the charged wire fraud scheme.  I reach this conclusion because the first paragraph of the wire fraud counts explicitly asserts that Pearson caused wire transmissions to be made "for the purpose of executing" the charged scheme.  The only fair way to read the wire fraud counts is to view this statement as a contention that each of the wire transmissions on which the counts are based were made for the purpose of executing the charged wire fraud scheme.

C.   **<u>Vagueness</u>**

I agree with the government that the date range for the wire fraud charges is not overbroad merely because the specified range begins before any of the wire communications at issue were sent.  It is almost always the case that wire fraud schemes are devised before the first wire communication is sent.  Therefore,

2

it is not improper to allege that a wire fraud scheme began before any of the charged wire communications were sent.

**D.   Aggravated Identity Theft (Counts 6-12)**

I am persuaded by the court's reasoning in United States v. Jenkins-Watts, 574 F.3d 950, 968-69 (8th Cir. 2009) that the aggravated identity theft counts need not specify the elements of the enumerated wire fraud charge.  In Jenkins-Watts, as in this case, the government charged identity theft by identifying the enumerated felony without specifying its elements.  See id. In addressing a challenge to the sufficiency of the indictment, the court ruled that "[w]hile it may have been preferable to include the elements of [the enumerated offense], their omission is not fatal."  Id. at 969.  I reach the same conclusion here.

The government made needless work for itself, the defendant, and the court by presenting a poorly drafted indictment to the grand jury.  This order should not be construed as an endorsement of the government's drafting strategy.  The motion to dismiss (Doc. No. 22) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

February 7 , 2013

3

cc:     Behzad Mirhashem, Esq.
        William E. Morse, Esq.
        Nick Abramson, Esq.
        United States Marshal
        United States Probation